UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

MALIBU MEDIA, LLC,

                                                    12 Civ. 3995

                                                     ORDER

                 Plaintiff,

  -against-

JOHN DOES 1-13,

                 Defendants.

------------------------------------X

**Sweet, D.J.,**

       Having reviewed Plaintiff's ex parte application to serve third-party subpoenas and the opinion of the Honorable Alison J. Nathan in the case of <u>Digital Sin, Inc. v. John Does 1-176</u> dated January 30, 2012, *and adopting its reasoning*

       IT IS HEREBY ORDERED that Plaintiff may immediately serve a Rule 45 subpoena on the ISPs listed in Exhibit A to Plaintiff's complaint (hereinafter, "Defendants") to obtain information to identify John Does 1-13, specifically his or her name, address, MAC address, and email address. The subpoena shall have a copy of this order attached.

IT IS FURTHER ORDERED that the ISP will have 60 days from the date of service of the Rule 45 subpoena upon them to serve Defendants with a copy of the subpoena and a copy of this order. The ISPs may serve Defendants complaint using any reasonable means, including written notice sent to her or his last known address, transmitted either by first-class mail or via overnight service.

IT IS FURTHER ORDERED that Defendants shall have 60 days from the date of service of the Rule 45 subpoena and this order upon him or her to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. The ISPs may not turn over Defendants' identifying information to Plaintiff before the expiration of this 60-day period. Additionally, if a defendant or ISP files a motion to quash the subpoena, the ISPs may not turn over any information to Plaintiff until the issues have been addressed and the Court issues an order instructing the ISPs to resume in turning over the requested discovery.

IT IS FURTHER ORDERED that if the 60-day period lapses without a defendant or ISP contesting the subpoena, the ISPs shall have 10 days to produce the information responsive to the subpoena to Plaintiff. A defendant or ISP who moves to quash or modify the subpoena, or to proceed, anonymously, shall at the same time as his or her filing also notify all ISPs so that the ISPs are on notice

not to release any of Defendants' contact information to Plaintiff until the Court rules on any such motions.

IT IS FURTHER ORDERED that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

IT IS FURTHER ORDERED that an ISP that receives a subpoena pursuant to this order shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. An ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost report to Plaintiff.

IT IS FURTHER ORDERED that any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in Plaintiff's complaint.

It is so ordered.

New York, NY
June 4, 2012

ROBERT W. SWEET
U.S.D.J.